**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| JAYESHKUMAR AMBALAL CHAUDHARI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 25 C 1908 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, e*t al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendants' motion to dismiss (dkt. 6) plaintiffs Jayeshkumar Ambalal Chaudhari, Vinaben Jayeshkumar Chaudhari, and Armin Jayeshkumar Chaudhari's complaint (dkt. 1) is granted with prejudice. (See statement.)

**STATEMENT**

Mr. Chaudhari, his wife, and his son bring this action under the Administrative Procedure Act (APA), 5 U.S.C. § 555(b), and the Mandamus Act, 28 U.S.C. § 1361, to obtain an order from this court compelling United States Citizenship and Immigration Services (USCIS) to make a bona fide determination on Mr. Chaudhari's Form I-918 Petition for U Nonimmigration Status (U-visa) and his family's derivative Form I-918A petitions, to issue them employment authorization documents (EADs), and to grant them deferred action. U-visas provide nonimmigrant status for noncitizen victims of serious crime who help law enforcement. *See* 8 U.S.C. § 1101(a)(15)(U). Because only 10,000 U-visas can be granted annually, USCIS may grant EADs and deferred action to petitioners while their U-visa petitions are pending where USCIS first finds the petitions to be bona fide. *See* 8 U.S.C. § 1184(p). The Bona Fide Determination (BFD) Process is performed by the Department of Homeland Security (DHS), which first makes a "bona fide determination" regarding the petitioner's U-visa status and then assesses "whether the petitioner poses a risk to national security or public safety and otherwise merits a favorable exercise of discretion." U.S. CITIZENSHIP & IMMIGR. SERVS., POLICY MANUAL, VOLUME 3, PART C, CHAPTER 5 – BONA FIDE DETERMINATION PROCESS, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 (USCIS Policy Manual). If DHS makes a favorable determination at the second step, it will grant the petitioner EAD and deferred action. *Id.*; *see also Lobatos* v. *Noem*, No. 25 C 01223, 2025 WL 1651220, at *1 (N.D.

Ill. June 11, 2025). However, "[o]nly petitioners *living in* the United States may receive BFD EADs, since those outside the United States cannot as a practical matter work in the United States. Likewise, deferred action can only be accorded to petitioners in the United States since those outside the United States have no potential removal to be deferred." USCIS Policy Manual (emphasis added).

The Chaudharis are citizens of India. Mr. Chaudhari has lived in the United States for 12 years and Mrs. Chaudhari has lived in the United States for more than two years. Their complaint alleges all three Chaudharis live in Hoffman Estates, Illinois. On October 18, 2022, Mr. Chaudhari was the victim of an armed robbery when he was working at a store in Elgin, Illinois. In the aftermath of the robbery, Mr. Chaudhari assisted in the resulting police investigation. The Chaudharis subsequently submitted their U-visa petitions based on Mr. Chaudhari's assistance with the investigation, which were received by USCIS on October 20, 2023. Since the Chaudharis filed their complaint, USCIS has issued Mr. and Mrs. Chaudhari BFD notices and EADs. As such, the motion with respect to them is moot.

But Armin Chaudhari (Armin) has not received a BFD notice or an EAD, and, as such, argues that the complaint remains fully alive with respect to his claims. In plaintiffs' late-filed response,[1] however, they note that Armin resides in India, though in the complaint they allege he and his parents reside in Hoffman Estates, Illinois.[2] Plaintiffs claim Armin has been issued several biometrics notices from USCIS—a prerequisite to further adjudication of the BFD Process—but the biometrics appointments were scheduled for the United States, so Armin was unable to attend. Plaintiffs argue that USCIS's repeated "errors" regarding Armin's biometrics notices (scheduling them in the United States instead of India) reflect arbitrary and capricious action and raise due process concerns, because without biometrics, Armin cannot be considered for BFD or EAD. (Dkt. 8 at 5.)

In reply, defendants argue this case is moot as to Armin as well as his parents, because he does not live in the United States, and so he is not eligible for BFD, EAD, or deferred action. They note that USCIS followed up with Armin about his U-visa petition when it issued him a biometrics notice and when it informed him he is not eligible for BFD, EAD, or deferred action while he is out of the country.[3] In so doing, Armin's unreasonable delay case has been mooted,

[1] The court grants Plaintiffs' Motion for Leave to File Late Response to Defendants' Motion to Dismiss (dkt. 8) in accordance with Fed. R. Civ. P. 6(b)(1)(B).

[2] In *Schmees* v. *HC1.COM, Inc.*, the Seventh Circuit held that "a district court retains discretion to treat new claims presented for the first time in briefing as a constructive motion to amend." 77 F.4th 483, 490 (7th Cir. 2023). It goes on to note that it will rarely be appropriate to do so, but if a district court does so elect, it should pay particular attention to potential prejudice to other parties. *Id*. Here, there is little risk of prejudice to defendants, as Armin not living in the United States moots his claims and requires dismissal, as explained below.

[3] The court takes judicial notice of USCIS's letter of May 7, 2025, addressed to Armin's attorney containing this information, attached as an exhibit to defendants' reply. *See Cardenas* v. *Lynch*, 669 F. App'x 354, 356 (9th Cir. 2016) (taking judicial notice of a letter from USCIS sent to petitioner).

defendants argue, because follow-up action by the agency moots a case to compel adjudication of an immigration-related petition, citing, among other cases, *Sabo* v. *Mayorkas*, No. 23 CV 2189, 2024 WL 2863373 (N.D. Ill. June 5, 2024). Defendants make several additional arguments supporting their motion to dismiss, but the court does not reach them, as it agrees the claims are moot as to all plaintiffs.

"[A] case is mooted when the issues presented are no longer live and when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Sabo*, 2024 WL 2863373, at *4 (citing *Chafin* v. *Chafin*, 568 U.S. 165, 172 (2013)) (quotations omitted). When plaintiffs clarified that Armin actually lives in India and not in Illinois, Armin lost any claim he might have had to force USCIS to grant him BFD, EAD, and deferred action, as the USCIS Policy Manual is clear that "[o]nly petitioners living in the United States may receive BFD EADs [and] … deferred action." A "plaintiff can plead himself out of court by pleading facts that show that he has no legal claim." *Epstein* v. *Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) (citations and quotations omitted).

Even if Armin's claim did not vanish upon his losing eligibility for the relief he seeks, the "weight of authority" holds that an agency's issuance of a request for evidence, notice of intent to deny, or a follow-up action moots a case to compel adjudication of an immigration-related petition. *See Sabo*, 2024 WL 2863373, at *4; *see also Alqrinawi* v. *Noem*, 780 F. Supp. 3d 774, 777–78 (N.D. Ill. 2025). Armin requests that USCIS adjudicate his U-visa petition by performing the BFD Process, issuing him EAD, and granting him deferred action. But USCIS has begun the process of adjudication by issuing him the admittedly prerequisite biometrics appointment notice. *See Alqrinawi*, 780 F. Supp. 3d at 777 ("Some courts, including in this district, have held that USCIS action taken to move a petition for immigration benefits along, even if the action does not finally resolve the petition, moots a claim for adjudication."). And it continued the adjudicative process by informing Armin he is not eligible for deferred action because he is not physically present in the United States. Armin is not eligible for the benefits he seeks from USCIS, and even if he was, the actions taken by USCIS moot any claim he might have had for adjudication.

Because the case is moot as to all plaintiffs and their claims, defendants' motion is granted and the complaint is dismissed with prejudice.

Date: February 5, 2026

Joan H Lefkow

U.S. District Judge Joan H. Lefkow